DECISION.
{¶ 1} Western Southern Life Insurance Company ("Western Southern") appeals from the trial court's judgment that granted workers' compensation benefits to its employee Connie Collins. Collins had been injured after falling on a public sidewalk in front of Western Southern's Guilford Building while on her way to her office, which was located across the street in Western Southern's headquarters building. Just prior to her fall, Collins had parked her vehicle in Western Southern's parking garage that was located behind and adjacent to the Guilford Building.
 {¶ 2} Collins applied for workers' compensation benefits, and her claim was denied administratively. Collins then appealed to the Hamilton County Court of Common Pleas. Western Southern moved for summary judgment on the basis that Collins was a fixed-situs employee, and, therefore, that the "coming and going" rule barred her claim. Collins filed a cross-motion for summary judgment, claiming that the "totality of the circumstances" and the "zone of employment" exceptions to the coming-and-going rule applied.
 {¶ 3} The trial court determined that the totality-of-the-circumstances exception did not apply as a matter of law, but that a genuine issue of material fact remained concerning whether Collins's injury could be compensable under the zone-of-employment exception. The case proceeded to a bench trial on the zone-of-employment issue. At the conclusion of Collins's case, Western Southern moved to dismiss under Civ. R. 41(B)(2). The trial court denied the motion and entered judgment in favor of Collins, permitting her to participate in the workers' compensation fund for her fall-related injuries. This appeal followed. *Page 3 
 {¶ 4} In its first two assignments of error, Western Southern argues that the trial court erred by denying its motion to dismiss and by awarding workers' compensation benefits to Collins. According to Western Southern, to prevail on the zone-of-employment exception to the coming-and-going rule, Collins was required to demonstrate that Western Southern had "control" over the public sidewalk where she fell, either by maintaining it or by requiring her to traverse it to arrive at her specific place of employment. Because Collins did not establish either, Western Southern claims, the trial court erred by allowing Collins to participate in the workers' compensation fund for her injuries.
 Participation in the Workers' Compensation Fund {¶ 5} As provided in R.C. 4123.01(C), the Ohio Workers' Compensation Act covers "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."[1] For an injury to be compensable, the claimant must meet both prongs of the test established in the statute: the injury must be received "in the course of employment," as well as "arise out of" the employment. The workers' compensation statutes must be liberally construed in favor of awarding benefits.[2]
 Coming-and-Going Rule {¶ 6} Despite the liberal-construction requirement, the statutes cannot be construed so broadly that they eliminate the required causal connection to the claimant's employment. Generally, participation in the workers' compensation fund is not available to an employee with a fixed place of employment who sustains an *Page 4 
injury while traveling to or from work.[3] This principle is referred to as the "going and coming" rule or, more logically, the "coming and going" rule.[4]
 {¶ 7} Three exceptions to the coming-and-going rule have developed in the law — the zone-of-employment exception, the special-hazards exception, and the totality-of-the-circumstances exception.[5] The zone-of-employment exception developed to expand the "place of employment" beyond the specific office or factory where the employee performs work activities, to areas such as parking lots, and to expand the scope of activity considered incident to the employment relationship.[6]
 {¶ 8} The Ohio Supreme Court has long recognized that "an employee is no longer subject to strict application of [the coming-and-going] rule once he reaches the premises of his employer" and that "injuries sustained while the employee is within this `zone of employment' may be compensable under the act."[7] One rationale for this rule can be found in Kasari v. Industrial Commission, where the court held that "[a]n employee, entering the premises of his employer to begin the discharge of the duties of his employment but who has not yet reached the place where his service is to be rendered, is discharging a duty to his employer which is a necessary incident to his day's work."[8]
 {¶ 9} In Merz v. Industrial Commission, the court generally described the zone of employment as "the place of employment and the areas thereabout, including the means of ingress thereto and egress therefrom, under the control of the *Page 5 
employer. "[9] The Merz case and the cases it relied upon indicate that the zone of employment is synonymous with the premises of the employer, not just the exact point where "active duties" begin, as well as certain areas "just outside the enclosure" of the premises.[10] The fundamental purpose of the exception is to allow participation for injuries with a direct causal connection to employment.[11]
 Baughman {¶ 10} In this case, the trial court determined that Collins was injured while in the zone of employment, relying upon the Ohio Supreme Court's decision in Baughman v. Eaton Corporation.[12] InBaughman, an employee was injured while crossing a public street that separated the employer's parking lot, where the employee had parked his car after his morning commute, and the employer's plant, where the employee worked.[13] The Ohio Supreme Court allowed the employee to participate in the fund even though he was injured on public property, noting that the employee had to cross the public thoroughfare to get to the plant from the employer's free parking lot.[14]
 {¶ 11} Western Southern argues that Baughman was not based upon the zone-of-employment exception. Rather, Western Southern claims that theBaughman court was drawing upon a different exception to the coming-and-going rule — the special-hazards exception — and that the Ohio Supreme Court has implicitly overruled Baughman. *Page 6 
 {¶ 12} We disagree with both of these propositions. TheBaughman decision was short on facts and analysis, and the court did not use the phrase "zone of employment." But the case was characterized as a "zone of employment" case by the Ohio Supreme Court in MTD Products,Inc. v. Robatin[15] a modern, comprehensive decision on the exceptions to the coming-and-going rule.
 {¶ 13} The MTD court distinguished the circumstances of its employee's morning-commute injury from the circumstances of the injury inBaughman.[16] Specifically, in declining to find compensability under the zone-of-employment exception, the MTD court drew upon the fact that the employee in Baughman, who had just parked in the employer's parking lot prior to commencement of his normal work shift, had "already arrived at his place of employment" at the time of his injury, but that the employee in MTD, who was injured in an automobile collision while attempting to enter the employer's lot, had not yet arrived at his "place of employment."[17] Thus, the MTD court did not overruleBaughman.[18] Moreover, in our opinion, the court expressly affirmedBaughman's viability as precedent to support application of the zone-of-employment exception when an employee has arrived at the place of employment, but not at the specific site where he typically carries out his duties, and is then injured shortly thereafter on a public thoroughfare on the way to his specific place of employment.
 {¶ 14} As illustrated by the MTD court's analysis, theBaughman case, and other long-standing[19] and recent precedent,[20]
the coming-and-going rule does not *Page 7 
strictly apply to bar benefits to an employee who has arrived at his place of employment but not at the specific site where he carries out his duties. Moreover, we conclude that benefits may be awarded even though the injury occurs on a public thoroughfare over which the employer has no control, when the thoroughfare transects the employer's property.
 {¶ 15} The ultimate inquiry in any right-to-participate case is whether the injury was sustained in the course of and arose out of the employment. To answer this question, we focus on the key issue in this case: whether Collins had arrived at her place of employment at the time of her injury.
 {¶ 16} The trial court found that Collins was injured after parking in Western Southern's garage, that the parking was a subsidized employee benefit, and that she had "proceeded without deviation along the customary and direct route to travel to the office," alongside the Guilford Building to a sidewalk across the front of the building that led to a crosswalk directly across from Western Southern's headquarters. The court noted that Western Southern owned the majority of the buildings in the surrounding block and found evidence in the record that Western Southern had control over much of the public area within the business complex that Collins had traversed.
 {¶ 17} Although the court did not expressly state in its decision that by parking in the Western Southern garage Collins had arrived at her "place of employment," it is clear from the context of the decision, including the citation to Baughman and the comments already cited, that the court had made this determination. And for purposes of workers' compensation, adjacent parking lots *Page 8 
owned, maintained, and controlled by the employer for the use of employees are typically considered a part of the place of employment.[21]
 {¶ 18} This case is different from Baughman, as Western Southern provided subsidized parking, not free parking, and the parking garage may have been located farther from Collins's office than the lot inBaughman — the garage was adjacent to Western Southern's Guilford Building, not to Western Southern's headquarters building where Collins's office was located.
 {¶ 19} But we do not think that these facts are legally significant in this case, because the parking garage was provided as part of the facilities furnished to Collins by Western Southern in connection with her employment; the parking garage was owned, operated, and maintained by Western Southern; and the parking garage was located within Western Southern's business complex.
 {¶ 20} Moreover, the trial court additionally found that the "route [was] followed by many other Western Southern employees," and that "[n]o matter which route Ms. Collins took from the garage to the office, she would have been required to cross the public thoroughfare, and proceed on a public thoroughfare, whether the sidewalk or the street."
 {¶ 21} We conclude, as did the trial court, that this case is legally indistinguishable from Baughman and that the Baughman rule was triggered when Collins arrived at her employer's parking garage. AsBaughman illustrates, Western Southern's lack of control over the site of the injury was not dispositive under these facts. Therefore, Western Southern's challenge to the trial court's decision on this basis is meritless. *Page 9 
 {¶ 22} Thus, we uphold the trial court's determination that Collins's injuries were received in the course of, and arose out of, her employment with Western Southern. Accordingly, we overrule the first and second assignments of error.
 {¶ 23} In its final assignment of error, Western Southern challenges the trial court's admission into evidence of testimony from Collins about snow-removal activities by Western Southern personnel in the alley alongside the Guilford Building in 2007, nearly two years after her accident. We agree with Western Southern that Collins's observations were too far removed in time from the date of the accident to be relevant, and that the trial court abused its discretion in admitting the testimony over Western Southern's objection.[22] But we conclude that the trial court's error was harmless, where the trial court's finding that Western Southern maintained the alley alongside the Guilford Building was not integral to the court's decision, and where the finding was otherwise supported by sufficient admissible evidence.
 {¶ 24} Accordingly, we overrule the assignments of error, and we affirm the trial court's judgment awarding Collins workers' compensation benefits for her injuries.
Judgment affirmed.
HILDEBRANDT, P.J., and SUNDERMANN, J., concur.
[1] R.C. 4123.01(C).
[2] R.C. 4123.95.
[3] Bralley v. Daugherty (1980), 61 Ohio St.2d 302, 303,401 N.E.2d 448.
[4] See Flynn v. Westfield Ins. Co., 168 Ohio App.3d 94,2006-Ohio-3719, 858 N.E.2d 858, ¶ 43.
[5] See MTD Products, Inc. v. Robatin (1991), 61 Ohio St.3d 66,572 N.E.2d 661.
[6] See Marlow v. Goodyear Tire and Rubber Co. (1967),10 Ohio St.2d 18, 225 N.E.2d 241; see, generally, Auberger v. Indus. Comm. (1930), 38 Ohio App. 203, 175 N.E. 628 (holding employee's injury noncompensable where employee had not begun period of employment and was not on premises of employer at time of injury).
[7] Bralley at 304.
[8] Kasari v. Industrial Comm. (1932), 125 Ohio St. 410, 181 N.E. 809, paragraph one of the syllabus.
[9] 134 Ohio St. 36, 15 N.E.2d 632.
[10] Id. at 39-40.
[11] Id.
[12] (1980), 62 Ohio St.2d 62, 402 N.E.2d 1201.
[13] Id.
[14] Id.
[15] (1991), 61 Ohio St.3d 66, 572 N.E.2d 661
[16] Id. at 69.
[17] Id.
[18] Accord Janicki v. Kforce.com, 167 Ohio App.3d 572,2006-Ohio-3370, 855 N.E.2d 1282, ¶ 30.
[19] Kasari, supra; Marlow, supra.
[20] Sweeney v. Ohio Valley Concessions (Jan. 19, 1994), 1st Dist. No. C-920900; Lemming v. University of Cincinnati (1987),41 Ohio App.3d 194, 534 N.E.2d 1226.
[21] See Marlow, supra; Lemming, supra. But, cf., Watkins v.Metrohealth System, 8th Dist. No. 80567, 2002-Ohio-5961.
[22] See Evid. R. 402. *Page 1