[Cite as *Petry v. Kilbarger Constr., Inc.*, 2012-Ohio-4355.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DEREK E. PETRY | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-CA-13 |
| KILBARGER CONSTRUCTION, INC., | : | |
| ET AL | : | |
| | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:          Civil appeal from the Muskingum County
                                                            Court of Common Pleas, Case No.
                                                            CD2009-0400

JUDGMENT:                                          Dismissed

DATE OF JUDGMENT ENTRY:          September 21, 2012

APPEARANCES:

For Derek Petry                                  For Kilbarger Construction

A.JAMES TSANGEOS                        SARA ROSE
1810 – 36th Street NW                       Box 188
Canton, OH  44709                            Pickerington, OH 43147

For Bureau of Workers' Compensation
LYDIA M. ARKO
150 East Gay Street, 22nd Floor
Columbus, OH 43215-3130

*Gwin, P.J.*

**{¶1}** Appellant, Kilbarger Construction, Inc. ["Kilbarger"] appeals from the February 6, 2012 judgment entry of the Muskingum County Court of Common Pleas in an action for workers' compensation benefits for injuries resulting from an automobile accident on November 14, 2007 ("Accident"). Appellees are Derek Petry ["Petry"] and the Administrator of the Bureau of Workers' Compensation, ["Bureau"].

### FACTS PROCEDURAL HISTORY

**{¶2}** Workers' Compensation claims were filed with the Bureau by Petry and his co-workers, Nathan Hallowell, deceased father of Braxton Bailey, whose Guardian, Sue McMasters, is appellee in Case CT2012-0011, ["McMasters"], and Robert Perry, who is appellee in Case CT2012-0012, ["Perry"]. All were involved in the same automobile accident on November 14, 2007. Kilbarger employed Petry, Hallowell, and Perry as drilling riggers. The Industrial Commission ("IC") allowed all three (3) claims. The IC initially allowed Petry's claim, designated as BWC Claim #07-890721, for the following conditions:

1. 802.0 nasal bone fracture, closed

2. 802.6 right orbital blowout fracture

3. 802.4 right displaced zygomatic fracture

4. 810.02 left clavicle fracture

5. 807.02 left 3rd and 4th rib fractures

6. 880.03 lacerations left upper arm

7. 913.0 abrasions bilateral forearms

8. 890.0 abrasions bilateral hips/thighs

**{¶3}** Kilbarger initiated this action by appealing, pursuant to R.C. 4123.512, the order of the IC finding that Petry was entitled to participate in the Workers' Compensation Fund for injuries resulting from the accident and that the accident occurred while Petry was within the course and scope, and arose out of, his employment with Kilbarger. As required by R.C. 4123.512, Petry timely filed his complaint. Petry appealed the following two conditions disallowed by the IC:

1. 847.1 thoracic sprain

2. 847.2 lumbar sprain

**{¶4}** On September 21, 2010, the trial court consolidated the cases for purposes of discovery and to determine all common questions of law. After discovery, Kilbarger filed a motion for summary judgment, and Petry, as well as the other appellees filed cross-motions for summary judgment.

**{¶5}** On December 5, 2011, the court issued a Findings and Decision, which stated:

In order for a Court to grant a motion for summary judgment, it must find that there is not a genuine issue of material fact. After reviewing the motions, the Court determines that there is not a genuine issue of material fact and that the Plaintiffs were within the scope of their employment at the time of the accident. Counsel for Plaintiffs shall prepare entries in conformity with this decision.

**{¶6}** On December 14, 2011, Kilbarger filed a "Motion for Relief from Judgment or in the Alternative Motion for Findings of Fact and Conclusions of Law."

**{¶7}** The trial court found there were no material issues of fact, that appellees were within the course of their employment, and that the accident arose out of their employment. The Court rendered separate judgment entries on behalf of each of the Appellees.

**{¶8}** In the case at bar, the judgment entry filed February 6, 2012 states, in part:

> The Court finds that in applying the "totality of circumstances" test found in *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, Plaintiff's automobile accident occurred within the course and scope, and arose out of, his employment with the Defendant on November 14, 2007. The Ohio Supreme Court in *Buckman v. Cubby Drilling* (1998), 81 Ohio St.3d 117, specifically decided that the "special hazard" exception to the "coming and going" rule applies to drilling industry workers.
>
> \*\*\*
>
> It is the Order of the Court that Plaintiff's Motion for Summary Judgment is SUSTAINED; and Defendant [Kilbarger Construction, Inc.'s] Motion for Summary Judgment is OVERRULED.

### ASSIGNMENT OF ERROR

**{¶9}** Kilbarger raises one assignment of error,

**{¶10}** "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S SUMMARY JUDGMENT MOTION AND IN DENYING KILBARGER'S SUMMARY JUDGMENT MOTION, BECAUSE APPELLEE'S ACCIDENT DID NOT ARISE OUT OF HIS EMPLOYMENT."

## *ANALYSIS*

**{¶11}** At the outset, this court must determine whether the trial court's decision is a final, appealable order that vests this court with jurisdiction. Although not an issue raised by either party, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White vs. Cuyahoga Metro. Hous. Aut.*, 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. Thus, we shall first consider whether this court has jurisdiction over Kilbarger's appeal.

**{¶12}** To be final and appealable, an order must comply with R.C. 2505.02. R.C. 2505.02(B) provides the following in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

**{¶13}** Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all parties, the order must satisfy Civ.R. 54(B) by including express language that "there is no just reason for delay." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.,* 116 Ohio St. 3d 335, 879 N.E. 2d 187, 2007-Ohio- 6439, ¶

7, citing *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 776 N.E.2d 101, 2002–Ohio–5315, ¶ 5–7.

**{¶14}** In the case at bar, the trial court found that the accident occurred within the course and scope, and arose out of Petry's employment with Kilbarger. However, the trial court did not issue a finding on what injuries and or conditions Petry suffered because of the accident.

**{¶15}** Only decisions reaching an employee's right to participate in the Workers' Compensation system because of a specific injury or occupational disease are appealable under R.C. 4123.519. *Felty v. AT&T Technologies, Inc.*, 65 Ohio St.3d 234, 602 N.E.2d 1141(1992), paragraph one of the syllabus. The Supreme Court has wrestled meaning of the term "right to participate."

**{¶16}** "An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim." *State ex rel. Evans v. Indus. Comm.*, 64 Ohio St.3d 236, 594 N.E.2d 609(1992). The rule articulated in *Evans* required further clarification,

> The confusion involves the meaning of the word "claim" in the above-quoted syllabus of *Evans.* A "claim" in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system *because of a specific work-related injury or disease.* A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's "claim."

(Emphasis added.) *Felty,* 65 Ohio St.3d at 249, 602 N.E.2d 1141. In *Felty* the Court explained,

> Thus, an order allowing a claim for one injury but denying a claim for two other injuries arising out of the same accident is appealable. A ruling that the claimant did not sustain any disability because of a work-related accident is also appealable.

(Citations omitted.) 65 Ohio St.3d at 239, 602 N.E.2d 1141.

{¶17} In *Zavatsky v. Stringer,* 56 Ohio St. 2d 386, 384 N.E. 2d 693(1978), the court discussed the appealability of decisions which denied or granted a claim on the basis that it was not due to a compensable injury,

> In that case, one of the claimants was denied compensation for some, but not all, of his medical conditions arising from an industrial accident on the basis that the disallowed conditions were not the result of or related to the allowed injury. In our review of prior decisions on that issue, we summarized that "* * * a denial of a claim on the basis that the claimant's disability is not due to a compensable injury is equivalent to the denial of the claim on a 'jurisdictional ground.' * * *" (Citations omitted.) *Zavatsky, supra,* at 393, 10 O.O. 3d at 507, 384 N.E. 2d at 698. We also stated in reference to *Carpenter v. Scanlon* (1958), 168 Ohio St. 139, 5 O.O.2d 386, 151 N.E.2d 561, that " * * * so far as the claimant is concerned, his rights to appeal a decision denying compensation, *or additional compensation,* on the ground that the disabling condition which was the subject of the claim was not the result of a compensable injury,

were in no way affected by the repeal in 1955 of R.C. 4123. 51, and the enactment of R.C. 4123. 519." (Emphasis added.) *Zavatsky, supra,* at 394, 10 O.O. 3d at 508, 384 N.E. 2d at 699. Thus, we held that the Industrial Commission's decision which denied claimant "the right to participate in the workers' compensation fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and * * * may be appealed * * *." *Id.* at paragraph one of the syllabus.

*Cook v. Mayfield*, 45 Ohio St.3d 200, 204-205, 543 N.E.2d 787(1989).

{¶18} In the case at bar, after the trial court sustained Petry's motion for summary judgment and overruled Kilbarger's motion for summary judgment, the court continued,

The only issue remaining is the injuries sustained by [Petry] in the accident that should be allowed in this claim.

[Petry] shall serve Requests for Admissions upon [Kilbarger] as to whether one or more of the ten (10) conditions should be allowed in this claim...If any of the conditions are in dispute, the Court grants leave for the filing of summary judgment motions with supporting memoranda within twenty-one(21) days of the filing of this Order....

### *CONCLUSION*

**{¶19}** In the case at bar, the trial court has not determined Petry's right to participate in the Workers' Compensation system because of a specific injury or occupational disease. Therefore, there is no final appealable order as Petry's right to participate for a specific injury or injuries remains pending.

**{¶20}** Accordingly, this Court does not have jurisdiction to entertain Kilbarger's appeal.

**{¶21}** This appeal is dismissed for lack of jurisdiction.


By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　HON. W. SCOTT GWIN


　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　HON. WILLIAM B. HOFFMAN


　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　HON. JULIE A. EDWARDS


WSG:clw 0813

[Cite as *Petry v. Kilbarger Constr., Inc.*, 2012-Ohio-4355.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

DEREK E. PETRY                               :
                                             :
            Plaintiff-Appellee               :
                                             :
                                             :
-vs-                                         :        JUDGMENT ENTRY
                                             :
KILBARGER CONSTRUCTION,                      :
INC., ET AL                                  :
                                             :
                                             :
            Defendant-Appellant              :        CASE NO. 2012-CA-13


        For the reasons stated in our accompanying Memorandum-Opinion, this appeal is

dismissed for lack of jurisdiction.   Costs to appellant.


                                             _____
                                             HON. W. SCOTT GWIN


                                             _____
                                             HON. WILLIAM B. HOFFMAN


                                             _____
                                             HON. JULIE A. EDWARDS