[Cite as *McMasters v. Kilbarger Constr., Inc.*, 2015-Ohio-4663.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SUE MCMASTERS | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| KILBARGER CONSTRUCTION, INC. | : | |
| | : | |
| Defendant-Appellant | : | |
| | : | |
| and | : | Case No. CT2015-0010 |
| | : | |
| ADMINISTRATOR, BUREAU OF | : | |
| WORKERS' COMPENSATION | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. CD2009-0397

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               November 6, 2015

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JAMES C. AYERS                            SARA L. ROSE
165 North High Street                     P.O. Box 188
Columbus, OH  43215-2402                  Pickerington, OH  43147

JOSEPH F. NAVIN                           For Administrator, BWC
165 North High Street
Columbus, OH  43215                       NATALIE J. TACKETT
                                          150 East Gay Street
                                          22nd Floor
                                          Columbus, OH  43215-3130

*Farmer, J.*

{¶1}    Nathan Hallowell, Derek Petry, and Robert Perry all worked for appellant, Kilbarger Construction Company, as drilling riggers.  On November 14, 2007, the three were driving home from work together, approximately two hours/ninety miles from the drilling site.  The driver, Mr. Petry, fell asleep and drove off the road.  Mr. Hallowell was killed and Mr. Petry and Mr. Perry sustained injuries.  All three filed claims for workers' compensation.  Sue McMasters, appellee herein, filed on behalf of Mr. Hallowell, as she is the guardian of his minor dependant.  Appellant contested the claims, arguing the accident did not arise out of the employees' employment.  By order dated March 10, 2009, the Industrial Commission allowed appellee's claim (Claim No. 07-890684).

{¶2}    On May 18, 2009, appellant filed an appeal to the Court of Common Pleas.[1]  All parties filed motions for summary judgment.  By findings and decision filed December 5, 2011, the trial court granted summary judgment to appellee, finding Mr. Hallowell was in the scope of his employment at the time of the accident.  The trial court instructed appellee to prepare an entry in conformity with its decision.  By judgment entry filed January 27, 2012, the trial court granted summary judgment to appellee, finding the accident occurred within the course and scope, and arose out of, Mr. Hallowell's employment with appellant.  Appellant filed an appeal to this court on February 24, 2012 (Case No. 2012-CA-11).  In an opinion filed September 21, 2012, this court dismissed the case for lack of a final appealable order, noting the trial court

---

[1]The Industrial Commission also allowed the claims of Mr. Petry and Mr. Perry. Appellant appealed those cases as well.  The trial court filed an order of consolidation on September 21, 2010.

failed to rule on the issue of attorney fees and related expenses. *See McMasters v. Kilbarger Construction, Inc.,* 5th Dist. Muskingum No. 2012-CA-11, 2012-Ohio-4353.

{¶3} In a judgment entry filed February 13, 2015, the trial court awarded appellee's attorney the statutory maximum amount of $4,200.00 for attorney fees and $143.91 for litigation expenses as against appellant. In an order filed same date, the trial court also awarded appellee's attorney $1,650.00 as a sanction for appellant's frivolous discovery requests.

{¶4} Appellant filed an appeal of the trial court's January 27, 2012 judgment entry and February 13, 2015 judgment entry and order, and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S SUMMARY JUDGMENT MOTION AND IN DENYING KILBARGER'S SUMMARY JUDGMENT MOTION, BECAUSE APPELLEE'S ACCIDENT DID NOT ARISE OUT OF HIS EMPLOYMENT."

II

{¶6} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR EXPENSES AND FEES PURSUANT TO R.C. 4123.512(F)."

III

{¶7} "THE TRIAL COURT ERRED IN AWARDING APPELLEE SANCTIONS."

I

{¶8} Appellant claims the trial court erred in granting summary judgment to appellee. We disagree.

{¶9}   Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.   Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C)   provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.   *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court*. Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶11} R.C. 4123.01(C) defines "injury" for purposes of workers' compensation benefits as: "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

{¶12} Appellant argues the accident did not "arise out of" Mr. Hallowell's employment.  Appellant argues in its brief at 8 that when a "fixed-situs employee is injured while commuting from work, his claim for workers' compensation benefits is barred by the coming-and-going rule" unless an exception applies: "based on the totality of the circumstances, a casual connection exists between the injury and the employment" and/or "the injury was caused by a 'special hazard' created by the employment."  In its brief at 9, 11 and 12, appellant concedes Mr. Hallowell was a fixed-situs employee and the accident occurred while he was commuting home from his fixed work site.

{¶13}  In *Ruckman v. Cubby Drilling, Inc.,* 81 Ohio St.3d 117, 119, 1998-Ohio-455, the Supreme Court of Ohio explained the "coming-and-going rule" as follows:

The coming-and-going rule is a tool used to determine whether an injury suffered by an employee in a traffic accident occurs "in the course of" and "arise[s] out of" the employment relationship so as to constitute a compensable injury under R.C. 4123.01(C).  "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between injury and the employment does not exist."  *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661, 663, citing *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448.  The rationale supporting the coming-and-going rule is that

"[t]he constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employe[e] in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally." *Indus. Comm. v. Baker* (1933), 127 Ohio St. 345, 188 N.E. 560, paragraph four of the syllabus.

{¶14} As explained by the *Ruckman* court at 121-122: " 'The "arising out of" element***contemplates a causal connection between the injury and the employment.' "

{¶15} In order to analyze the facts for a causal connection, it is necessary to examine the applicability of the "totality of the facts and circumstances" test as set forth in *Lord v. Daugherty,* 66 Ohio St.2d 441 (1981), and/or the "special hazard or risk rule" enumerated in *MTD Products, Inc. v. Robatin,* 61 Ohio St.3d 66 (1991).

{¶16} The "totality of the facts and circumstances" test is set forth in *Lord, supra,* at syllabus:

Whether there is a sufficient "causal connection" between an employee's injury and his employment to justify the right to participate in the Worker's Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including, (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control

the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.

{¶17} The "special hazard or risk rule" is explained in *MTD Products, supra,* at 68:

More recently, in *Littlefield v. Pillsbury Co., supra,* [6 Ohio St.3d 389 (1983)] we also recognized the "special hazard or risk" exception to the general rule.  In *Littlefield* we held that when the employment creates a "special hazard," an employee is entitled to workers' compensation benefits if he sustains injuries because of that hazard.  Furthermore, we held that the rule applies where: (1) "but for" the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public.  *Id.* at syllabus.

{¶18} As further analyzed by the Supreme Court of Ohio in *Ruckman, supra,* at 124:

Accordingly, we now expressly limit the syllabus of *Littlefield* to state a test for determining only whether a traffic injury suffered by a fixed-situs employee while coming or going from work *arises out of* the

employment relationship.  If an employee's injury occurs in the course of his employment, yet fails the *Lord* three-part test for causation, a fixed-situs employee may, nevertheless, demonstrate the required causal connection between employment and injury under the special hazard rule of causation.

{¶19}  The facts are not in dispute.  Mr. Hallowell was hired by appellant to work on Rig No. 4 in Utica, Ohio.  Schein aff. at ¶ 6; Sturm aff. at ¶ 3 and 4.  Mr. Hallowell was part of a three-member crew.  Schein aff. at ¶ 6; Sturm aff. at ¶ 3  Each crew member was given a "per diem" for expenses separate and apart from their hourly wage.  Perry depo. at 33; Petry depo. at 31.  The crew was hired nine days prior to the accident and worked on the rig in the same location, although it was anticipated that Rig. No. 4 would move to other sites and the crew would follow the rig.  Perry depo. at 31-32, 41; Petry depo. at 30, 36, 39; Sturm aff. at ¶ 5.  The three employees, including Mr. Hallowell, lived some two hours/ninety miles away from the rig site.  Perry depo. at 62-63; Petry depo. at 54, 112.  When the accident occurred, the employees were traveling home from the site after working sixteen hours.  Perry depo. at 81-82; Petry depo. at 48-49, 130.  The accident occurred approximately one and one-half hours after leaving the site.  Perry depo. at 93.  The employees were not paid for any of their time driving to and from the site, and their job duties did not commence until they arrived at the site.  Perry depo. at 79; Petry depo. at 97.

{¶20}  From the facts sub judice, the totality of the circumstances test does not apply.

{¶21}  As for the special hazard or risk rule, it is conceded by the facts that "but for" the employment, Mr. Hallowell would not have been driving on the road at the time and "but for" the commute, he would not have been involved in an accident.  However, satisfying only one prong of the *Littlefield* test is not sufficient.  It must also be established that "the risk is distinctive in nature or quantitatively greater than the risk common to the public." *MTD Products, supra.*

{¶22}  The analysis now is whether appellant created the "special hazard." Under the facts of this case, we answer in the affirmative for the following reasons.

{¶23}  Appellant hired Mr. Hallowell knowing he would have to travel from his home to Rig No. 4 in Utica, Ohio, or any other location where Rig No. 4 may be utilized. Sturm depo. at 17, 19-20, 31.  In fact, Rig No. 4 was moved the day of the accident to another site in Utica.  Perry depo. at 60-61; Petry depo. at 36.  "[I]t was impossible for them to fix their commute in relation to these remote work sites." *Ruckman* at 124.  The per diem given by appellant to each crew member was probably sufficient to pay for overnight housing, but it had yet to be paid.  Perry depo. at 34; Petry aff. at ¶ 6.  The per diem was insufficient to compensate them for a physical relocation to wherever Rig No. 4 would be located.  "Although the riggers worked within an area of a one-day drive, that area was not so limited as to bring the riggers' travel to the varying work sites in line with work commutes common to the public." *Ruckman* at 125.

{¶24}  Given the facts that working at various sites necessitated travel and the very nature of the employment mandated lengthy travel, the crew members were not compensated for housing, and appellant required the crew members to work long hours and extras hours, we find the special hazard rule has been fulfilled as in *Ruckman* at

125: "Here, however, the employment relationship dictates that the riggers undertake interstate and lengthy intrastate commutes, thereby significantly increasing their exposure to traffic risks associated with highway travel. Accordingly, because of the combination of all these factors, the riggers have established a risk quantitatively greater than risks common to the public." Therefore, appellee is entitled to participate in the workers' compensation fund.

{¶25} Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶26} Assignment of Error I is denied.

II

{¶27} Appellant claims the trial court erred in awarding appellee's attorney attorney fees and litigation expenses. We disagree.

{¶28} R.C. 4123.512 governs workers' compensation appeals. Subsection (F) states:

The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed forty-two hundred dollars.

{¶29}  The decision to grant or deny fees under R.C. 4123.512(F) lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion.  *Azbell v. Newark Group, Inc.,* 5th Dist. Fairfield No. 07 CA 00001, 2008-Ohio-2639.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶30}  Appellant argues it was entitled to an evidentiary hearing and challenges the number of hours claimed.

{¶31}  In its judgment entry filed February 13, 2015, the trial court determined the following:

> The Court finds that Plaintiff's attorney of record, James C. Ayers, has expended sufficient time and effort in preparing, attending hearings, attending depositions, filing memoranda and briefs, and generally representing his client to be entitled to the statutory maximum award of $4,200.00.
>
> The Court takes notice that, although the maximum award is justified by the effort expended on the McMaster's case alone, substantial additional effort was expended in the furtherance of both Case No. CD2009-0397 and Case No. CD2009-0398, joined with this case for purposes of a summary judgment motion.  Neither client could be represented in a vacuum as an attorney cannot represent two clients in

one proceeding without working with each client and filing required duplicate papers in each name.

The Court further finds that mileage expense of $143.91 for Plaintiff's attorney to meet with the mother of Braxton Bailey and the paternal family of Braxton Bailey to be a reasonable litigation expense by Plaintiff's attorney to be reimbursed pursuant to R.C. 4123.512(F). Braxton Bailey is the dependent in this case represented by his maternal grandmother Sue McMasters, guardian.

{¶32} We note appellee's attorney filed a detailed time sheet, attached to the June 5, 2013 motion for attorney fees, setting forth the hours expended, as well as an affidavit from a local attorney averring to a reasonable hourly fee. The total attorney fees amounted to well over the statutory maximum of $4,200.00.

{¶33} We conclude, as did the trial court, that the extensive nature of the case, including some ninety docket filings, and the complexity of the issues as discussed in Assignment of Error I, are sufficient to support the award of attorney fees and litigation expenses.

{¶34} Upon review, we find the trial court did not abuse its discretion in awarding appellee's attorney attorney fees and litigation expenses.

{¶35} Assignment of Error II is denied.

III

{¶36} Appellant claims the trial court erred in awarding appellee's attorney $1,650.00 as a sanction for its frivolous discovery requests. We disagree.

{¶37} R.C. 2323.51(A)(2) defines "frivolous conduct" as follows:

(2) "Frivolous conduct" means either of the following:

(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶38} "A motion for sanctions brought under R.C. 2323.51 requires a three-step analysis by the trial court: (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is to be made, the amount of the award." *Ferron v. Video Professor, Inc.,* 5th Dist. Delaware No. 08-CAE-09-0055, 2009-Ohio-3133, ¶ 44. The decision to award attorney fees as a sanction for frivolous conduct rests within the trial court's sound discretion. *Burchett v. Larkin,* 192 Ohio App.3d 418, 2011-Ohio-684 (4th Dist.); *Blakemore, supra*.

{¶39} In its order filed February 13, 2015, the trial court determined certain discovery sought by appellant was frivolous for the following reasons:

1) Defendant Kilbarger Construction, Inc. sought and vigorously pursued discovery concerning the dependency of Braxton Bailey. "Dependency" is a matter of "extent of disability" and cannot be appealed nor pursued in an R.C. 4123.512 action. *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276.

2) Defendant Kilbarger Construction, Inc. sought and vigorously pursued discovery, (most notably another attorney's complete file), from Plaintiff, Sue McMasters, concerning Muskingum County cases Nos. CC2008-0608; CC2008-0982; CC2009-0771; and CD2009-0308. Sue McMasters was not and is not a party to any of these cases and has no access to any attorney's files.

The Court finds that Defendant's actions in pursuing the discovery so described was frivolous in fact and caused Plaintiff's attorney to expend unnecessary time and effort. Plaintiff's counsel has certified that he has expended well over five and one-half hours in responding to Defendant and filing responses with this Court. Plaintiff's counsel has further filed with this Court and (sic) affidavit from an established Muskingum County attorney stating that a reasonable attorney fee for an experienced workers' compensation attorney such as Mr. Ayers to be $300.00 per hour.

{¶40} Despite appellant's assertion that its trial counsel admitted error in attempting discovery from a non-party in other cases, that legal mistake must somehow be compensated to an innocent party.

{¶41} Upon review, we find the trial court did not abuse its discretion in awarding appellee's attorney $1,650.00 as a sanction for frivolous discovery.

{¶42} Assignment of Error III is denied.

{¶43}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

SGF/sg 1009