[Cite as *Deems v. Minute Men, Inc.*, 2016-Ohio-8259.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHERYL L. DEEMS, | : | APPEAL NO. C-160296 |
| | | TRIAL NO. A-1302859 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| MINUTE MEN, INC., | : | |
| | | |
| Defendant-Appellant, | : | |
| | | |
| and | : | |
| | | |
| ADMINISTRATOR, OHIO BUREAU | : | |
| OF WORKERS' COMPENSATION, | | |
| | | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 21, 2016

*Ronald T. Bella,* for Plaintiff-Appellee,

*George N. Wukovich,* for Defendant-Appellant Minute Men, Inc.

**MOCK, Judge.**

{¶1} Defendant-appellant Minute Men, Inc., claims that the trial court erred when it granted the motion for summary judgment filed by plaintiff-appellee Cheryl L. Deems in this workers' compensation case. Minute Men also claims that the trial court erred when it failed to grant its competing motion for summary judgment. We agree with both arguments, and conclude that Deems was not within the course and scope of her employment when she suffered her claimed injuries.

### Employee Injured in Accident Returning from Worksite

{¶2} Deems was an employee of Minute Men, a full-service staffing agency. Minute Men provided labor to other companies, and would assign jobs to employees on a daily basis by giving them a work ticket to take to the job site. Minute Men employees were only paid for the time spent at the worksite, and were free to get there however they chose once they received their assignments. Some employees drove to the sites, while others elected to carpool in order to share expenses. If no employees were available who could drive to a site, Minute Men would provide a ride in a van operated by one of its employees. Once the employees arrived at the job site, they presented the work ticket and began their shifts. At the end of the shift, the site operator recorded the time worked by each employee on the work ticket, and faxed it back to Minute Men. Minute Men then generated a paycheck for the day's work at its office. While many employees returned to the office in order to pick up their paychecks at the end of their shifts, it was not required. Minute Men did not require employees to return to the office at the end of their shifts for any reason.

{¶3} On July 3, 2008, Deems reported to Minute Men's downtown office for her daily assignment. Deems was assigned to a job at Verst Group Logistics located near the Cincinnati/Northern Kentucky International Airport. Deems and

2

other employees assigned to Verst elected to carpool to the location. At the end of the shift, Verst recorded the time worked for the employees and faxed the ticket back to Minute Men. Deems rode with the other employees back to Minute Men to pick up her check after the shift. Shortly after leaving the site, the employee operating the car drove into the rear of another vehicle stopped ahead of them on Interstate 275 near the ramp to northbound Interstate 71/75.

{¶4} Deems claimed to have been injured in the automobile accident, and filed a claim requesting to participate in the workers' compensation fund. Her request was denied after defendant Ohio Bureau of Workers' Compensation determined that Deems was not within the course and scope of her employment at the time of the accident. Deems appealed that decision to the trial court. Both Deems and Minute Men filed competing motions for summary judgment on the sole issue of whether Deems was within the course and scope of her employment. The trial court found that Deems was within the scope of her employment, granted her motion and denied the motion filed by Minute Men, and entered judgment accordingly.

{¶5} In two assignments of error, Minute Men now appeals. In its first assignment of error, Minute Men argues that the trial court erred when it granted Deems's motion for summary judgment. In the second assignment of error, Minute Men argues that the trial court improperly denied its competing motion.

{¶6} We review the granting of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion and that

3

conclusion is adverse to the nonmoving party. Civ.R. 56(C); *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994). The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of any genuine issues of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If the moving party meets its burden, the nonmoving party must then present evidence that some issue of material fact remains to be litigated. *Id.*

{¶7}     To qualify for participation in Ohio's workers' compensation scheme, an employee must suffer an injury "in the course of, and arising out of," her employment. R.C. 4123.01(C). For an injury to be compensable, the claimant must meet both prongs of the test established in the statute. *Collins v. W. S. Life Ins. Co.*, 1st Dist. Hamilton No. C-070189, 2008-Ohio-2054, ¶ 5.

{¶8}     While the workers' compensation statutes are generally to be read liberally with an eye toward finding coverage, this court has held that "the statutes cannot be construed so broadly that they eliminate the required causal connection to the claimant's employment." *Id.* One of the limitations recognized by Ohio courts is the so-called "coming-and-going rule." As the Ohio Supreme Court has put it, "[a]s a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." *MTD Prods., Inc. v. Robatin*, 61 Ohio St.3d 66, 572 N.E.2d 661 (1991), syllabus.

{¶9}     For the purposes of this appeal, the parties do not dispute the fact that Deems is "an employee with a fixed place of employment." The only question remaining is whether Deems' participation is precluded by the coming-and-going

4

rule. Courts have recognized three exceptions to the coming-and-going rule: (1) where there is a causal connection between the employee's injury and employment based on the totality of the circumstances surrounding the accident; (2) when the employment creates a special hazard; or (3) when the injury occurs within the zone of employment. *See Cunningham v. Lukjan Metals Prods., Inc.*, 11th Dist. Ashtabula No. 2009-A-0033, 2010-Ohio-822, ¶ 16. None of these exceptions apply in this case.

{¶10} Under the "totality of the circumstances" exception to the coming-and-going rule, a court must look to the following factors to determine if an offsite injury is compensable: "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *MTD Products* at 70, citing *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990); *Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981), syllabus.

{¶11} None of the "totality of the circumstances" factors apply in this case. Minute Men was not near the accident scene and had no control over the interstate. And, most significantly, Minute Men received no benefit from Deems's presence at the scene of the accident. Deems was on her way home. The fact that she had planned to stop at Minute Men's office to pick up her check did not benefit Minute Men.

{¶12} We also conclude that Deems's employment did not create a special hazard resulting in her injury. When the employment creates a "special hazard," an employee is entitled to workers' compensation benefits if she sustains injuries because of that hazard. That rule applies where: (1) "but for" the employment, the employee would not have been at the location where the injury occurred, and (2) the

risk is distinctive in nature or quantitatively greater than the risk common to the public. *Littlefield v. Pillsbury Co.*, 6 Ohio St.3d 389, 453 N.E.2d 570 (1983), syllabus.

{¶13} While Deems would not have been on the road in that car "but for" her employment at Minute Men, satisfying only one prong of the *Littlefield* test is not sufficient. *See Petry v. Kilbarger Constr., Inc.*, 5th Dist. Muskingum No. CT2015-0011, 2015-Ohio-4662, ¶ 21. When considering the risk of travel as a special hazard, it must also be distinctive in nature or quantitatively greater than risks common to the public. Courts have only found that the prong applied when the travel was lengthy. *See, e.g., Ruckman v. Cubby Drilling*, 81 Ohio St.3d 117, 125, 689 N.E.2d 917 (1998).

{¶14} Deems faced the same hazards as anyone traveling home from work on the interstate. The constitutional provision and legislation creating the workers' compensation scheme "do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally." *Indus. Comm. v. Baker*, 127 Ohio St. 345, 188 N.E. 560 (1933), paragraph four of the syllabus. Since Deems was exposed only to the commuting hazards common to the public, the requisite causal connection between the injury and the employment did not exist. *See Freeman v. Brooks*, 154 Ohio App.3d 371, 2003-Ohio-4814, 797 N.E.2d 520, ¶ 18 (10th Dist.).

{¶15} Finally, under the "zone-of-employment" exception, an employee may recover for an injury incurred while commuting to or from work so long as she has reached the "zone of employment," which has been defined as "the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer." *Merz v. Indus. Comm.*, 134 Ohio

St. 36, 39, 15 N.E.2d 632 (1938). This exception does not apply because, as previously noted, this was not an area under the control of her employer.

{¶16}   None of the recognized exceptions to the coming-and-going rule apply in this case. Deems did not suffer an injury in the course of, and arising out of, her employment. Therefore, the trial court erred both when it granted Deems's motion for summary judgment and when it denied the motion filed by Minute Men. We sustain both of Minute Men's assignments of error, reverse the judgment of the trial court, and remand the cause with instructions to enter judgment accordingly.

Judgment reversed and cause remanded.

**FISCHER, P.J.,** and **DeWINE, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.